USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Muhammad Mamasharifov (246-266-519),

Petitioner,

-against-

William P. Joyce, in his capacity as acting field office director, DHS-ICE, New York Field Office; Todd M. Lyons in his official capacity as Acting Director of DHS-ICE; Kristi Noem, in her capacity as Secretary of Homeland Security; Pam Bondi, in her capacity as Attorney General of the United States, Executive Office for Immigration Review,

Respondents.

---

1:26-cv-01839-MKV

ORDER DENYING PETITION FOR
HABEAS CORPUS

---

MARY KAY VYSKOCIL, United States District Judge:

This case concerns the detention of Petitioner, Muhammad Mamasharifov, a national of Uzbekistan.  As elaborated below, Petitioner unlawfully entered the United States in December 2022 near Lukeville, Arizona without being "admitted or paroled" and was arrested by United States Customs and Border Protection ("CBP").  He was subsequently released on bond.  On March 5, 2026, U.S. Immigration and Customs Enforcement ("ICE"), pursuant to a warrant issued the day before, arrested Petitioner, after he had been arrested by the New York City Police Department ("NYPD") for the state offense of leaving the scene of a personal injury accident.

On the day of his arrest, Petitioner, proceeding through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241 (the "Petition" or "Pet."). [ECF No. 1].  Petitioner simultaneously filed an application for emergency relief requesting (1) that Respondents (the "Government") be restrained from transferring or removing Petitioner from the Southern District of New York pending resolution of the Petition; (2) "an Order to Show Cause directing Respondents to explain

why the Petition for Writ of Habeas Corpus should not be granted"; and (3) "other and further relief as the Court deems just and proper."  [ECF No. 3].

Judge Katherine Polk Failla, sitting in Part One, upon reviewing the Petition ordered that "**Petitioner shall not be removed from the United States absent further order of this Court**" and that "**Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further Order of this Court.**"  [ECF No. 5 (emphasis in original)].  The case was then assigned to this Court.  The Court subsequently issued an Order to Show Cause directing the Government to show cause why the Petition should not be granted.  [ECF No. 6].  The Government has since filed an opposition ("Opp'n") with accompanying exhibits [ECF No. 8], and the Declaration of Deportation Officer Kevin Samuel ("Samuel Decl.").  [ECF No. 9].  Petitioner filed a reply ("Reply").  [ECF No. 10].

The issue before the Court is whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) or is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  For the reasons set forth below, Petitioner is properly subject to detention under § 1225(b)(2)(A) and is not entitled to habeas relief.

## BACKGROUND

Petitioner is a native and citizen of Uzbekistan.  Pet. ¶ 5.  Petitioner unlawfully entered the United States on December 28, 2022, and was apprehended by CBP shortly thereafter and transferred for further processing.  Pet. ¶¶ 5, 40; Samuel Decl. ¶ 5.  On December 30, 2022, CBP served Petitioner with a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. 1182(a)(6)(A)(i), Samuel Decl. ¶ 6; Opp'n, Ex. 1, NTA [ECF No. 8-1], which provides that "an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."  8

2

U.S.C. 1182(a)(6)(A)(i).  On December 31, 2022, Petitioner was transferred to ICE custody and detained at the Eloy Detention Center in Eloy, Arizona.  Samuel Decl. ¶ 7.   Petitioner was then transferred to Stewart Detention Center in Georgia, and on January 11, 2023, the NTA was filed with the Stewart Immigration Court, which commenced removal proceedings.  Samuel Decl. ¶¶ 8-9.  On February 6, 2023, Petitioner was released from ICE custody on $5,500 bond.  Samuel Decl. ¶¶ 10-12; Pet. ¶ 8; *see also* Opp'n, Ex. 2, Release on Bond [ECF No. 8-2].  Thereafter, Petitioner's immigration proceedings were transferred to the immigration court at 26 Federal Plaza in New York, New York. Samuel Decl. ¶ 13.  In an appearance before the Immigration Court in New York, Petitioner conceded removability as charged but filed an application for relief with the Immigration Court and an individual merits hearing for his case is scheduled for October 26, 2027.  Samuel Decl. ¶¶ 14-16.

On May 30, 2025, Petitioner filed an I-360 petition for special immigrant juvenile status ("SIJS"), which was later approved on November 12, 2025.  Pet. ¶¶ 12-13; Pet., Ex. 2, I-360 Approval Notice [ECF No. 1-2].  Pertinent here, in 2022, U.S. Citizenship and Immigration Services ("USCIS") introduced a deferred action program (the "2022 Program") for individuals with SIJS.  *A.C.R. v. Noem*, 809 F. Supp. 3d 103, 110-11 (E.D.N.Y. 2025), *reconsideration denied*, No. 25-CV-3962 (EK)(TAM), 2026 WL 102611 (E.D.N.Y. Jan. 14, 2026).  Deferred action is "an act of administrative convenience to the government that gives some cases lower priority." 8 C.F.R. § 274a.12(c)(14); *see also* 8 C.F.R. § 236.21(c)(1) (defining deferred action as an exercise "of enforcement discretion not to pursue the removal of certain aliens for a limited period in the interest of ordering enforcement priorities in light of limitations on available resources, taking into account humanitarian considerations and administrative convenience").  The 2022 Program did not guarantee that an individual with SIJS would receive deferred action, but it required that the

3

individual be considered for it. *A.C.R.*, 809 F. Supp. 3d at 111. USCIS rescinded the 2022 Program in June 2025, but on November 19, 2025, a judge in the Eastern District of New York held that the rescission violated the Administrative Procedure Act and stayed the rescission. *A.C.R.*, 809 F. Supp. 3d at 109, 129. For this Court's purposes, there is no record evidence or allegation that Petitioner ever received deferred action. *See* Reply at 2 (arguing that Petitioner "should have deferred action" or "should be in deferred action").

On February 16, 2026, Petitioner was arrested by the NYPD for leaving the scene of a personal injury accident. Samuel Decl. ¶ 17; *see also* Opp'n, Ex. 3, RAP Sheet [ECF No. 8-3]. Made aware of the arrest, ICE lodged a detainer, which was not honored. Samuel Decl. ¶ 18; *see also* Opp'n, Ex. 4, Detainer [ECF No. 8-4]. Thereafter, on March 4, 2026, a form I-200 arrest warrant was issued with respect to Petitioner. Samuel Decl. ¶ 19; Opp'n, Ex. 5, Warrant for Arrest of Alien ("Warrant") [ECF No. 8-5]. The next day, ICE officers located Petitioner, advised him of the warrant, and arrested him. Samuel Decl. ¶¶ 20-24. He was then processed and transferred to 26 Federal Plaza. Samuel Decl. ¶ 24. Later in the evening, Petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey, where he has remained in detention to this day. Samuel Decl. ¶ 25. The Government asserts he is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Samuel Decl. ¶ 26. On March 5, 2026, the day he was arrested, Petitioner filed the pending Petition. [ECF No. 1].

## DISCUSSION

Petitioner argues that his current detention under "Section 1226(a) or any other mechanism" is arbitrary and capricious and violates his due process rights. Pet. ¶¶ 53-60. Specifically, he argues that ICE failed to make an individualized custody determination when re-detaining him and that his current detention is punitive. Pet. ¶¶ 61-70. In turn, he requests

4

immediate release, Pet. at 10-11, or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). Reply at 4.  The Government urges that, in line with this Court's previous decisions, Petitioner is not entitled to a bond hearing but rather is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that Petitioner's arguments concerning arbitrary and capricious detention lack merit.  Opp'n at 2-3.

While Petitioner fails to address the applicability to him of Section 1225(b)(2)(A), the Court concludes, in line with its previous decisions in *Chen v. Almodovar*, No. 1:25-CV-8350-MKV, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025) and *Liang v. Almodovar*, No. 1:25-CV-09322-MKV, 2025 WL 3641512, at *3 (S.D.N.Y. Dec. 15, 2025), that he is subject to mandatory detention under Section 1225(b)(2)(A).  Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A); *see also*  8 U.S.C. § 1225(a)(1) (defining "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission").

Here, Petitioner is an applicant for admission because he entered the country unlawfully, has never been admitted, and has never been "determine[d]" by an "examining immigration officer" to be "not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A); *see also* NTA.  Further, to the extent, "seeking admission" is a separate requirement for mandatory detention, *see Chen*, 2025 WL 3484855, at *6; *Liang*, 2025 WL 3641512, at *5, Petitioner is

seeking lawful status in his efforts to apply for adjustment of status.  Pet. ¶ 13.  Accordingly, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (noting that Section 1225(b)(2) says nothing "whatsoever about bond hearings").

Thus, Petitioner's related claim that his detention is arbitrary and capricious "under [Section] 1226(a) or any other mechanism" is without merit given he is plainly subject to mandatory detention without entitlement to a bond hearing.  *See* 8 U.S.C. § 1225(b)(2)(A). Further, Petitioner's argument that his arrest and detention is arbitrary and capricious because it was a reversal of his prior release on bond that was "made without any intervening facts or changed circumstances," Pet. ¶ 54, rings hollow for additional reasons.  First, the Court has already rejected the argument that previous detention and release under Section 1226 precludes re-detention under Section 1225(b)(2)(A).  *See Liang*, 2025 WL 3641512, at *3-5 ("The Court declines [to] adopt Petitioner's argument that the prior Administration's decision to catch and then release Petitioner into the interior under Section 1226 means that the current Administration has relinquished the authority to apply Section 1225 according to its plain terms." (citations omitted)); *Chen*, 2025 WL 3484855, at *8 (same).  Second, the unrebutted record reflects that ICE lodged a detainer after Petitioner was arrested by the NYPD for a subsequent offense of leaving the scene of an accident and that ICE subsequently arrested Petitioner based on a warrant that was issued given that the detainer was not honored.  *See* Opp'n, Ex. 4, Detainer [ECF No. 8-4]; Arrest Warrant; Samuel Decl. ¶¶17-24.  These facts plainly represent changed circumstances that occurred after his release on bond in 2023 and before his detention in March 2026.[1]  Thus, Petitioner cannot fairly argue

---

[1] In his Reply, Petitioner also suggests in passing that Petitioner "should be in deferred action" but notes that the 2022 Program that permitted consideration of deferred action for individuals, like Petitioner, who have SIJS are subject to ongoing litigation in the Eastern District of New York.  *See* Reply at 2.  While Petitioner fails to brief the implications of deferred action with respect to the pending Petition, Reply at 2-3, Petitioner has neither alleged nor

that there has not been a "change in relevant *facts*" to justify a curtailment of his liberty. *Cf. Khabazha v. United States Immigration. & Customs Enforcement*, No. 25-CV-5279 (JMF), 2025 WL 3281514 (S.D.N.Y. Nov. 25, 2025) (emphasis in original).

Moreover, contrary to Petitioner's argument, his current detention does not violate due process. Under the so-called "entry fiction," an applicant for admission, like Petitioner, is "'treated' for due process purposes 'as if stopped at the border.'" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953)); *see also Liang*, 2025 WL 3641512, at *5-6. Accordingly, with respect to applicants for admission, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Mezei*, 345 U.S. at 212 (citation omitted). Since Section 1225(b)(2)(A) does not provide for a bond hearing, Petitioner's present detention does not violate due process. *See Jennings*, 583 U.S. at 297; *Liang*, 2025 WL 3641512, at *5-6; *Chen v. Almodovar*, No. 25-cv-9670 (JPC), 2026 WL 100761, at *14 (S.D.N.Y. Jan. 14, 2026) (Petitioner's "due process claim, which simply rehashes his statutory claim, fails").

**CONCLUSION**

For the foregoing reasons, the Petition is DENIED with prejudice.

The Clerk of Court is respectfully requested to close the case

**SO ORDERED.**

Date: **April 3, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

---

presented any evidence that Petitioner has been granted deferred action. Thus, this argument does not provide a basis for habeas relief notwithstanding that another court has made the determination, not binding on this Court with respect to whether Petitioner is entitled to deferred action, *see Onosamba-Ohindo v. Searls*, 678 F. Supp. 3d 364, 372 (W.D.N.Y. 2023) (noting the maxim in the habeas context that "decisions of district courts, even those located within the same district, are not binding on other district courts"), that the 2022 Program was unlawfully terminated. *See A.C.R.*, 809 F. Supp. 3d at 111 (noting that the 2022 Program merely provided that an individual with SIJS would be considered for deferred action but did not guarantee they would receive it).